UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re United States ex rel CHERYL A. WOLF,
RAYMOND J. FALLICA, and MARY PISCITELLO,[1]

                                 Petitioners,

          -against-

UNITED STATES,

                                 Respondent.
------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 23 2019 ★
LONG ISLAND OFFICE

ORDER
19-CV-2100 (JFB)(AKT)

JOSEPH F. BIANCO, District Judge:

On January 24, 2019, Cheryl A. Wolf ("Wolf"), Raymond J. Fallica ("Fallica")[1], and Mary Piscitello ("Piscitello") (together, "petitioners") filed a "Peremptory Writ of Mandamus" (the "writ") in the United States District Court for the Southern District of New York together with a request for "leave of court" to file the writ in the Southern District of New York as a "[m]atter of convenience." (See Docket Entry 1 at 1.) The writ seeks to challenge the denial of their bid, in the mid-1990s, to perform certain work at the United States Merchant Marine Academy ("USMMA") located within the Eastern District of New York. Accordingly, by Order dated April 3, 2019, the writ was transferred to this Court pursuant to 28 U.S.C. § 1391 and, on April 12, 2019 was assigned to the undersigned. (See Docket Entries 21, 23.) Petitioners have paid the $400.00 filing fee.

---

[1] Wolf and Fallica are no strangers to this Court. The present writ is their fourth action in this Court relating to their failed bid on a project at the USMMA. See United States ex rel. Wolf et al. v. F.B.I., 14-CV-5999 (dismissed with prejudice and litigation bar entered); Wolf et al. v. D.O.J. Office of Professional Responsibility, 12-CV-5176 (sua sponte dismissed with prejudice and warning that filing another frivolous action arising from the federal construction project at issue may lead to the entry of a litigation injunction), appeal dismissed by Mandate dated July 15, 2013; Fallica et al. v. U.S., 08-CV-5071, 2010 WL 11530507 (E.D.N.Y. March 29, 2010) (adopting report and recommendation and granting motion to dismiss), aff'd, 413 F' App'x 402 (2d Cir. 2011), cert. denied, 565 U.S. 1202 (2012). In addition, they have filed cases in this Court concerning other subjects that have each been dismissed. See Wolf v. Town of Southampton, 12-CV-5166 (dismissed for lack of subject matter jurisdiction), appeal dismissed by Mandate, dated March 26, 2014; Fallica v. Cipriano, et al., 97-CV-3113 (dismissed for failure to state a claim for relief).

1

I. Discussion

Undeterred by the litigation bar entered against Wolf and Fallica in <u>United States ex rel. Wolf et al. v. F.B.I.</u>, 14-CV-5999, they have filed the instant writ in the Southern District of New York notwithstanding the fact that the proper venue for this action is this Court.[2] Although petitioners claim that motivation for such filing was a "[m]atter of convenience", the Court notes that the petitioners each provide a residential address located in Wheatly Heights, New York, which is in Suffolk County - - the same County as this Court. Wholly absent from their submission is any support for or discussion of how the Southern District is more convenient. Thus, the Court finds the petitioners' claim of "convenience" appears to be a pretext to avoid this Court's litigation injunction. Given that the present complaint is repetitive and frivolous, together with petitioners' apparent intention to circumvent this Court's filing injunction, the writ is summarily dismissed with prejudice for the same reasons set forth by District Judge Furman of the Southern District of New York in his well-reasoned and thorough Memorandum Opinion and Order in <u>Wolf et al. v. FBI</u>, 16-CV-9436, 2018 WL 582472 (S.D.N.Y. Jan. 6, 2018).

Wolf and Fallica are reminded of the litigation bar entered against them in <u>United States ex rel. Wolf and Fallica v. F.B.I.</u>, 14-CV-5999 and are cautioned that their continued filing of complaints or motions, whether in the Eastern District of New York or in other federal courts, relating to the issues raised in their previous actions constitutes an abuse of the judicial process. Particularly since the proper venue for such claims is this district, the filing of such claims in

---

[2] The Court notes that this writ is petitioners' second attempt to bring these claims to the Southern District of New York. In <u>Wolf v. F.B.I.</u>, 16-CV-9436, 2018 WL 582472 (S.D.N.Y. Jan. 25, 2018), Wolf's, Fallica's and Piscitello's mandamus claims arising from a failed USMMA bid were dismissed and petitioners were warned "that if they file yet another frivolous suit arising out of the events described in the petition action their four prior federal cases, sanctions may well be imposed. Further, given the nature of Petitioner's claims here and their history of filing meritless claims in the Eastern District, Petitioners are warned that further duplicative or frivolous litigation in this Court may result in an order, akin to the order entered in the Eastern District, barring them from filing any new actions without prior permission." Their appeal of this order was dismissed as "lack[ing] an arguable basis in law or in fact" and the underlying order was summarily affirmed. <u>See</u> Mandate, 18-796 (2d Cir. Sept. 26, 2018). The present writ asserts claims that are similar to, if not the same as, those asserted in 16-CV-9436.

2

other jurisdictions would only be done in bad faith and in an effort to circumvent the bar order. The Second Circuit has long recognized that, when a litigant has shown a pattern of abusing different district courts around the country, an injunction which applies to all federal district courts is warranted. In re Martin-Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984) ("[t]he United States Courts are not powerless to protect the public, including litigants ... from the depredations of those ... who abuse the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive ... proceedings) (citation omitted). In upholding the restrictions placed upon Martin-Trigona's "bringing of new actions in *all* federal district courts as necessary and proper." (Id. at 1262) (emphasis added), the Second Circuit explained:

> The district court is part of the federal judicial system and has an obligation to protect and preserve the sound and orderly administration of justice throughout that system. The order does not prohibit Martin-Trigona from seeking access to other federal district courts; it merely requires that he inform the court in question of pertinent facts concerning the action he seeks to bring, including the existence of the injunction order and of outstanding litigation against the named defendants, and that he obtain leave of that court to file the action.

(Id.) Accordingly, Wolf and Fallica are warned that the Court will consider entry of an injunction applicable to all federal district courts if they continue to file new actions relating to the failed USMMA bid in other federal courts.[3] Doe v. Republic of Poland, 531 F. App'x 113, 115-16 (2d Cir. 2013) (summary order) (noting that a district court may enjoin a "vexatious litigant 'from bringing new actions in any tribunal'. . . against persons whom the litigant has previously harassed through [federal] judicial proceedings" (quoting Martin-Trigona, 737 F.2d at 1263)). Such injunction would require Wolf and Fallica to: (1) inform the court in which they

---

[3] In addition to the Eastern and Southern Districts of New York, the Court is aware that Wolf and Fallica have also filed frivolous cases in other federal courts relating to the failed USMMA bid. See Wolf v. U.S., 04-226C (Fed. Cl. Sept. 21, 2004), aff'd, 127 F. App'x 499 (Fed. Cir. 2005), cert. denied, Wolf v. U.S., 546 U.S. 853 (Oct. 2005), reh'g denied, 546 U.S. 1056 (2005); Wolf v. Comm'r of Internal Revenue, 3474-04L, 2007 WL 1556090 (T.C May 30, 2007) (granting Commissioner of Internal Revenue's motion to dismiss for lack of jurisdiction Wolf's "claim for a reward relating to information she provided to [the Commissioner] relating to the alleged corruption at the USMMA," granting Commissioner's motion for summary judgment as to all other matters).

seek to file of the litigation bar entered in 14-CV-5999 and include a copy of that order with any new filing; and (2) file a motion for leave to file any new action that relates to the USMMA transaction and/or any claims arising from the related lawsuits setting forth a good faith basis for the new filing, including why venue is proper in such court. Wolf and Fallica are on notice that their continued frivolous and vexatious litigation also can lead to monetary sanctions upon notice and an opportunity to be heard. See In re Martin-Trigona, 795 F.2d 9, 12 (2d Cir. 1986) (per curiam) ("In future cases, therefore, we will impose monetary sanctions on Martin-Trigona if he files frivolous papers or proceedings. Once such a sanction is levied, the clerk shall accept no further papers from Martin-Trigona, who does not have in forma pauperis status in this court, until that monetary obligation is satisfied.") (citing Johl v. Johl, 788 F.2d 75 (2d Cir. 1986) (per curiam); Schiff v. Simon & Schuster, Inc., 766 F.2d 61, 62 (2d Cir. 1985) (per curiam)); see also Malley v. Corp. Counsel of the City of New York, 9 F. App'x 58, 59 (2d Cir. 2001) (summary order) (affirming imposition of $1500 sanction on pro se litigant); Bascom v. Brookdale Hosp., 12-MC-363, 12-MC-371, 2012 WL 2131112 (E.D.N.Y. June 12, 2012) (warning that "further submissions seeking leave to file similar frivolous or malicious actions shall result in the imposition of sanctions in the amount of $1500.00").

Additionally, if Piscitello persist in this course of action, the Court will require that she, like Wolf and Fallica, first seek leave of Court before submitting such filings pursuant to the All Writs Act. Although this is Piscitello's second frivolous lawsuit relating to the same subject matter, the Court, in its discretion, does not believe that the drastic sanction of a filing injunction, or any other sanction, is warranted at this juncture, especially because the Court was able to dispose of this lawsuit in a *sua sponte* order, without a formal motion by the defendant. However, the Court is concerned, given the instant action, together with Southern District docket number 16-CV-9436 that she may try to file a new action seeking redress for the alleged

wrongdoing surrounding the federal construction contract at the USMMA and the subsequent litigation relating thereto. The continued filing of frivolous actions relating to these issues would constitute an abuse of the judicial process. Given the Court's "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel," Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (citation omitted), Piscitello is warned that similar, future actions will not be permitted. If she persists in this course of action, the Court will require that she show cause why leave of Court should not be sought before submitting such filings. Finally, Piscitello is cautioned that Federal Rule of Civil Procedure 11 applies to *pro se* litigants, Ginther v. Provident Life and Cas. Ins. Co., 350 F. App'x 494, 496 (2d Cir. 2009) (upholding a district court's imposition of sanctions against a *pro se* litigant), and that should she file another frivolous action, it is within the Court's power to consider monetary sanctions against her.

II.     Conclusion

For the reasons set forth above, the writ is summarily dismissed with prejudice. Furthermore, the Court warns petitioners that they cannot engage in frivolous litigation and reminds Wolf and Fallica of the litigation bar order against them. Wolf and Fallica are on notice that their continued frivolous and vexatious litigation will lead to monetary sanctions and/or the entry of an injunction applicable to all federal district courts. Should Piscitello seek to file yet another action arising from the federal construction project at issue in this and 16-CV-9436 (SDNY) she is warned that this Court may: (1) enter an order, pursuant to 28 U.S.C. § 1651, requiring her to seek leave of court before filing any such new actions, and/or (2) impose sanctions under Federal Rule of Civil Procedure 11. See, e.g., Rivera v. FDA, 346 F. App'x 693, 694 (2d Cir. 2009) (warning a *pro se* plaintiff with a history of frivolous litigation, that he

5

may have to seek leave of court before filing any further actions); Iwachiw v. N.Y. State DMV, 396 F.3d 525, 529-530 (2d Cir. 2005) (same).

Although petitioners paid the fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, should petitioners seek leave to appeal *in forma pauperis,* such status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to close this case.

SO ORDERED.
S/ JOSEPH F BIANCO

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: April 23, 2019
Central Islip, New York